# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 28, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| MARIA AMBRIZ, *as representative of* | * | No. 15-502V |
| *the* Estate of STEPHANIE DELAPAZ, | * | |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Interim Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Sean F. Greenwood*, The Greenwood Law Firm, Houston, TX, for Petitioner.
*Steven Santayana*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 2, 2021, Petitioner's counsel, on behalf of Stephanie Delapaz ("the decedent"), filed a motion for interim attorneys' fees and costs, requesting **$48,020.18** for Petitioner's counsel, Mr. Sean Greenwood. Mot. Int. Attorneys' Fees & Costs at 2, 16, ECF No. 95 [hereinafter "Fees App."]. On September 15, 2021, Petitioner's counsel filed a motion to amend case caption to reflect that the decedent's mother, Maria Ambriz ("Petitioner") would continue to pursue this case as the representative of the decedent's estate. ECF No. 98. On September 16, 2021, Respondent filed his response to Petitioners' motion. Resp't's Resp., ECF No. 99. In his response, Respondent stated that "[s]hould the Special Master conclude that the interim fee award standards are met in this case, [R]espondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs.'" *Id.* at 4. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I.  Procedural History

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

On May 15, 2015, the decedent filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. The decedent alleged that she suffered from injuries including neurocardiogenic syncope with dysautonomia as a result of a human papillomavirus ("HPV") vaccine administered on May 15, 2012. Pet. ¶¶ 2, 37. The decedent filed medical records between June 2015 and August 2016. *See* ECF Nos. 8, 10–11, 19, 23, 29–30, 34, 37, 42, 47. The decedent submitted an expert report from Dr. Svetlana Blitshteyn and medical literature on October 18 and 19, 2016. *See* ECF Nos. 49–50, 52.

On February 3, 2017, Respondent filed his Rule 4(c) report, indicating that this case was not appropriate for compensation. Resp't's Report at 2, ECF No. 54. Respondent also filed an expert report from Dr. Phillip Low and medical literature on this date. ECF Nos. 55–56. Petitioner filed a supplemental expert report from Dr. Blitshteyn and additional medical literature in March of 2017. ECF Nos. 58–59, 62–63. Respondent submitted a supplemental report from Dr. Low, along with medical literature, on May 26, 2017. ECF No. 67.

On June 26, 2017, the presiding special master set an entitlement hearing for September 26–27, 2018. ECF No. 69 at 1. The decedent filed a motion for interim attorneys' fees and costs amounting to $47,103.78 on July 27, 2017, and Respondent did not object. ECF Nos. 71–72. The presiding special master deemed an award of interim fees and costs appropriate and awarded the full amount requested on August 31, 2017. ECF No. 73.

This case was reassigned to the undersigned on January 16, 2018. ECF Nos. 77–78. On June 25, 2018, the decedent communicated that Dr. Blitshteyn had become unable to testify on the scheduled hearing dates. ECF No. 80. Because the parties were unable to find mutually agreeable alternative hearing dates in 2018 or 2019, the hearing was canceled. *See* ECF Nos. 81–85. On August 21, 2019, I rescheduled the entitlement hearing for September 22–23, 2020. ECF No. 87. The hearing was canceled on June 26, 2020. Hearing Order, docketed June 26, 2020. On September 21, 2020, I rescheduled the entitlement hearing for April 14–15, 2021. ECF No. 90.

On November 3, 2020, Petitioner's counsel filed a notice of the decedent's death. ECF No. 91. Petitioner's counsel indicated that the decedent's family wished to proceed with this case and that counsel would notify Chambers when an administrator was appointed. Informal Comm., docketed Nov. 18, 2020. On March 24, 2021, I held a status conference in this case. Min. Entry, docketed Mar. 23, 2021. Petitioner's counsel explained the circumstances making it difficult to establish an administrator prior to the entitlement hearing. Order, ECF No. 93. I canceled the entitlement hearing due to the extenuating circumstances. *Id.*

On July 1, 2021, Petitioner's counsel filed a status report on the decedent's behalf indicating the status of the probate proceedings. ECF No. 94. Petitioner's counsel filed Petitioner's motion for interim fees and costs on September 2, 2021. ECF No. 95. On September 7, 2021, Petitioner's counsel filed a status report stating that Petitioner had been appointed as administrator of the decedent's estate. ECF No. 96. Petitioner's counsel filed a copy of the Harris County, Texas

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

probate court's order appointing Petitioner as administrator. ECF No. 97. Petitioner's counsel filed a motion to amend case caption on September 15, 2021. ECF No. 98. On September 16, 2021, Respondent filed a response to Petitioner's motion for interim fees and costs and did not object. ECF No. 99. I granted Petitioner's motion to amend case caption on October 12, 2021. Order, ECF No. 101.

On January 5, 2022, I scheduled an entitlement hearing for May 24–25, 2022. Hearing Order, ECF No. 104. Petitioner and Respondent have filed prehearing briefs in advance of the entitlement hearing. *See* ECF Nos. 108, 115.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioners' motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("[t]he delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

Due to unforeseen circumstances including expert unavailability, Ms. Delapaz's passing, and the COVID-19 pandemic, this case has been pending for nearly seven years. More than four years have passed since the previous award of interim fees and costs in this case. Since the previous decision awarding interim fees and costs, Petitioner's fees and costs, including for expert reports and probate proceedings, have accumulated. Petitioner's counsel has requested **$48,020.18** in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the

proceedings and the accumulation of fees and costs following the last award, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, and 2022 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Sean Greenwood, $325.00 per hour for work performed in 2017, $337.00 per hour for work performed in 2018, $363.00 per hour for work performed in 2019, $400.00 per hour for work performed in 2020, and $425.00 per hour for work performed in 2021; for Ms. Kayleigh Smith, $150.00 per hour for work performed in 2017, $215.00 per hour for work performed in 2018, $225.00 per hour for work performed in 2019, and $250.00 per hour for work performed in 2020; for Ms. Anna

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Carruth, $180.00 per hour for work performed in 2021; and for Ms. Meagan Ward, paralegal, $150.00 per hour for work performed in 2019, $160.00 per hour for work performed in 2020, and $170.00 per hour for work performed in 2021. Fees App. at 11–12.

The rates requested for Mr. Greenwood and Ms. Smith are consistent with what they have previously been awarded for their Vaccine Program work, and I therefore find them reasonable. *See Conley v. Sec'y of Health & Hum. Servs.*, No. 19-1458V, 2021 WL 3917016, at *2 (Fed. Cl. Spec. Mstr. July 30, 2021); *Stillabower v. Sec'y of Health & Hum. Servs.*, No. 17-265V, 2020 WL 619686, at *2 (Fed. Cl. Spec. Mstr. Jan. 24, 2020); *Prokopchuk v. Sec'y of Health & Hum. Servs.*, No. 16-0881V, 2018 WL 4390123, at *1 (Fed. Cl. Spec. Mstr. May 7, 2018). Although a rate has not been established for Ms. Carruth, her requested rate is consistent with her experience and the OSM Fee Schedule for 2021. *See* Fees App. at 12. The rates requested for Ms. Ward are inconsistent with what she has previously been awarded for her Vaccine Program work. In *Conley*, the petitioner requested similar rates for Ms. Ward for 2019, 2020, and 2021. *See Conley*, 2021 WL 3917016, at *2. However, the presiding special master reduced her rates to $125.00 per hour for 2019 and 2020 and $140.00 per hour for 2021 because "Ms. Ward has previously been awarded the rate of $125[.00] per hour for time billed in 2019 and 2020 . . . ." *Id.* In her present fees application, Petitioner stated that "Ms. Ward's hours were mistakenly entered [ in a previous fees application] as $125[.00] per hour for both 2019 and 2020, when in fact her rate was $150[.00] for 2019 and $160[.00] in 2020." Fees App. at 14. Although it appears that Petitioner's counsel generally bases the rates for himself and his staff on the OSM Fee Schedules, $125.00 per hour is below the range listed for paralegals in 2019 ($135.00 – $156.00) and 2020 ($141.00 – $163.00). Thus, I accept counsel's assertion that he mistakenly requested $125.00 per hour for Ms. Ward's work in 2019 and 2020. Because the rates presently requested for Ms. Ward are consistent with the OSM Fee Schedules, I find them reasonable.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Upon review of the submitted billing records, I find that the time billed largely reasonable. The invoice entries are generally sufficiently detailed for an assessment to be made of the entries' reasonableness. However, a small reduction is necessary due to time billed on administrative tasks. On May 4, 2018, Ms. Smith billed for filing a document. Pet'r's Ex. 59 at 2, ECF No. 95-1. On November 15, 2019, Ms. Ward billed for "[u]pdat[ing] client information into system[]" and "[e]xpects data entry into system[.]" *Id.* at 5. A small reduction is also necessary for excessive time billed for some tasks. On September 21, 2020, Mr. Greenwood billed .4 hours for reviewing a hearing order, which set the date of the hearing and was less than one page. *See id.* at 6; ECF No. 90. Upon review, a reasonable reduction for these issues is $240.00.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $25,985.68 in attorneys' costs. Fees App. at 2. This is comprised of the remaining $16,000 owed to Dr. Blitshteyn after the first award of interim fees and costs and of costs related

to the decedent's probate proceedings, including the retention of a Texas-based probate attorney. Fees App. at 14–15; Pet'r's Ex. 60, ECF No. 95-2. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

### IV. Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $22,034.50 |
| (Reduction to Fees) | - ($240.00) |
| **Total Attorneys' Fees Awarded** | **$21,794.50** |
| | |
| Attorneys' Costs Requested | $25,985.68 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | **$25,985.68** |
| | |
| **Total Attorneys' Fees and Costs** | **$47,780.18** |

Accordingly, the undersigned awards a lump sum in the amount of **$47,780.18** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Sean Greenwood, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.